1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA        )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND   )
20  PRODUCTS LIABILITY LITIGATION    )  CASE NO. 3:07-cv-03337-CRB
    _____)
21  This document relates to         )
                                     )  **PFIZER INC., PHARMACIA
    ORLANDO ARCHUNDE,                )  CORPORATION, AND G.D.
22                                   )  SEARLE, LLC'S ANSWER TO
             Plaintiff,              )  COMPLAINT**
23                                   )
          vs.                        )  **JURY DEMAND ENDORSED
24                                   )  HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION, )
25  and G.D. SEARLE LLC,             )
                                     )
26           Defendants.            )
    _____)
27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                            **I.**

6                            **PRELIMINARY STATEMENT**

7        The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").   Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11                                            **II.**

12                                        **ANSWER**

13                    **Response to Allegations Regarding Parties**

14   1.       Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.   Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.   Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.   Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.   Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   2.       Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the

1    remaining allegations in this Paragraph of the Complaint.

2                    **Response to Allegations Regarding Jurisdiction and Venue**

3    6.       Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

5    therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

6    in controversy exceeds $75,000, exclusive of interests and costs.

7    7.       Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

9    the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

10   Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

11   exclusive of interests and costs.

12   8.       Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

14   which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

15   committing a tort in the State of New Mexico or the State of California and deny the remaining

16   allegations in this paragraph of the Complaint.

17   9.       Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18   and co-promoted Bextra® in the United States, including California and Louisiana, to be

19   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

20   with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

21   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

22   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

23   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24   admit that they provided FDA-approved prescribing information regarding Bextra®.

25   Defendants admit that they do business in the State of California.  Defendants state that

26   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

27   Defendants are without knowledge or information to form a belief as to the truth of such

28   allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    remaining allegations in this paragraph of the Complaint.

2    **Response to Allegations Regarding Interdistrict Assignment**

3    10.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7    Panel on Multidistrict Litigation on September 6, 2005.

8    **Response to Factual Allegations**

9    11.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

11    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

12    Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

13    of the Complaint.

14    12.    Defendants admit that Bextra® was expected to reach consumers without substantial

15    change from the time of sale.  Defendants are without knowledge or information sufficient to

16    form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

17    therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

18    Complaint.

19    13.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants are without knowledge or information sufficient to form a belief as to the truth of

24    the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25    Defendants deny remaining the allegations in this paragraph of the Complaint.

26    14.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

27    steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

28    and effective when used in accordance with its FDA-approved prescribing information.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that the potential effects of Bextra® were and are adequately described in its

2    FDA-approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.   Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    15.    The allegations in this paragraph of the Complaint are not directed toward Defendants

6    and, therefore, no response is required.   To the extent a response is deemed required,

7    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

8    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

9    form a belief as to the truth of such allegations and, therefore, deny the same.

10    16.    The allegations in this paragraph of the Complaint are not directed toward Defendants

11    and, therefore, no response is required.   To the extent a response is deemed required,

12    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

13    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

14    form a belief as to the truth of such allegations and, therefore, deny the same.

15    17.    The allegations in this paragraph of the Complaint are not directed toward Defendants

16    and, therefore, no response is required.   To the extent a response is deemed required,

17    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

18    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

19    form a belief as to the truth of such allegations and, therefore, deny the same.

20    18.    The allegations in this paragraph of the Complaint are not directed toward Defendants

21    and, therefore, no response is required.   To the extent a response is deemed required,

22    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

23    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

24    form a belief as to the truth of such allegations and, therefore, deny the same.

25    19.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

26    Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

27    of such allegations and, therefore, deny the same.

28    20.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21.     Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

23.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants state that Plaintiff's allegations regarding

1   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

2   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

3   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4   the Complaint.

5   27.    Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information. Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which at all times was adequate and comported with applicable standards of care and law.

9   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

11  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

12  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

13  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

14  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

15  with their approval by the FDA. Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  28.    Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and text. Any attempt to characterize the article is

19  denied. Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

21  this paragraph of the Complaint.

22  29.    The allegations in this paragraph of the Complaint are not directed towards Defendants

23  and, therefore, no response is necessary. Should a response be deemed necessary, Defendants

24  state that the referenced article speaks for itself and respectfully refer the Court to the article for

25  its actual language and text. Any attempt to characterize the article is denied. Defendants deny

26  the remaining allegations in this paragraph of the Complaint.

27  30.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

28  on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

16, 2001.    Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

2    referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

3    actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

4    deny the remaining allegations in this paragraph of the Complaint.

5    37.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

7    deny the remaining allegations in this paragraph of the Complaint.

8    38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

9    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

10   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

11   Defendants deny the remaining allegations in this paragraph of the Complaint.

12   39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

13   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

14   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

15   Defendants deny the remaining allegations in this paragraph of the Complaint.

16   40.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants deny the allegations in this

18   paragraph of the Complaint.

19   41.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23   42.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25   state that the referenced article speaks for itself and respectfully refer the Court to the article for

26   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

27   the remaining allegations in this paragraph of the Complaint.

28   43.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-11-

ANSWER TO COMPLAINT – 3:07-cv-03337-CRB

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny the allegations in this paragraph of the Complaint.

5   44.    Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

10  allegations in this paragraph of the Complaint.

11  45.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  46.    Defendants deny the allegations in this paragraph of the Complaint.

18  47.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

20  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

22  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

23  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  state that the potential effects of Bextra® were and are adequately described in its FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants are without knowledge or information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

2    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

3    allegations in this paragraph of the Complaint.

4    48.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Bextra® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Bextra® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants admit, as indicated in the package insert

27   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

28   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   50.    Defendants state that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Bextra® were and are adequately described in its FDA-approved prescribing information,

5   which at all times was adequate and comported with applicable standards of care and law.

6   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

7   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

8   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

9   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

10  51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.   Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  52.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which at all times was adequate and comported with applicable standards of care and law.

26  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  53.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants deny the allegations in this paragraph of the Complaint.

56.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

57.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   60.    Defendants state that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants state that the potential effects of

3   Bextra® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

6   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

7   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

8   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

9   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

10  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

11  with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  61.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

15  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

17  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

18  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

23  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

25  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

26  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

27  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

28  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

1  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

2  primary dysmenorrhea.    Defendants deny any wrongful conduct and deny the remaining

3  allegations in this paragraph of the Complaint.

4  63.    Defendants state that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants are without knowledge or information sufficient to form a belief as to the truth of

9  the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

10 Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

11 caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

12 Complaint.

13 64.    Defendants state that Bextra® was and is safe and effective when used in accordance

14 with its FDA-approved prescribing information.  Defendants state that the potential effects of

15 Bextra® were and are adequately described in its FDA-approved prescribing information,

16 which was at all times adequate and comported with applicable standards of care and law.

17 Defendants are without knowledge or information sufficient to form a belief as to the truth of

18 the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

19 Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

20 ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

21 such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

22 that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the

23 remaining allegations in this paragraph of the Complaint.

24  <u>**Response to First Cause of Action: Negligence**</u>

25 65.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

26 Complaint as if fully set forth herein.

27 66.    Defendants state that this paragraph of the Complaint contains legal contentions to

28 which no response is deemed required.    To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants admit that they had duties as are imposed by law but deny having breached such

2    duties.  Defendants state that the potential effects of Bextra® were and are adequately described

3    in its FDA-approved prescribing information, which was at all times adequate and comported

4    with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    deny the remaining allegations in this paragraph of the Complaint.

7    67.    Defendants state that this paragraph of the Complaint contains legal contentions to

8    which no response is deemed required.    To the extent a response is deemed required,

9    Defendants admit that they had duties as are imposed by law but deny having breached such

10   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

12   this paragraph of the Complaint.

13   68.    Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is required.  To the extent that a response is deemed required, Defendants

15   admit that they had duties as are imposed by law but deny having breached such duties.

16   Defendants state that Bextra® was and is safe and effective when used in accordance with its

17   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18   were and are adequately described in its FDA-approved prescribing information, which was at

19   all times adequate and comported with applicable standards of care and law.  Defendants deny

20   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

21   including all subparts.

22   69.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants are without knowledge or information sufficient to form a belief as to the truth of

27   the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

70.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

76.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

2   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3   state that Bextra® was and is safe and effective when used in accordance with its FDA-

4   approved prescribing information.  Defendants state that the potential effects of Bextra® were

5   and are adequately described in its FDA-approved prescribing information, which was at all

6   times adequate and comported with applicable standards of care and law.  Defendants deny the

7   remaining allegations in this paragraph of the Complaint.

8   77.     Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny the allegations in this paragraph of the Complaint.

13  78.     Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

18  allegations in this paragraph of the Complaint.

19  79.     Defendants state that this paragraph of the Complaint contains legal contentions to

20  which no response is deemed required.   To the extent a response is deemed required,

21  Defendants state that Bextra® was and is safe and effective when used in accordance with its

22  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23  were and are adequately described in its FDA-approved prescribing information, which was at

24  all times adequate and comported with applicable standards of care and law.  Defendants deny

25  that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

26  of the Complaint, including all subparts.

27  80.     Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is deemed required.   To the extent a response is deemed required,

1    Defendants state that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendants deny

5    any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

6    allegations in this paragraph of the Complaint.

7    81.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

12    caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

13    Complaint.

14    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

19    allegations in this paragraph of the Complaint.

20    83.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22    Defendants state that Bextra® was and is safe and effective when used in accordance with its

23    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24    were and are adequately described in its FDA-approved prescribing information, which was at

25    all times adequate and comported with applicable standards of care and law.  Defendants admit

26    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

27    in the United States to be prescribed by healthcare providers who are by law authorized to

28    prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

2  tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

3  healthcare providers who are by law authorized to prescribe drugs in accordance with their

4  approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

5  deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

6  paragraph of the Complaint.

7  84.    Defendants state that Bextra® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants state that the potential effects of

9  Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  85.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14  Defendants state that Bextra® was and is safe and effective when used in accordance with its

15  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

16  were and are adequately described in its FDA-approved prescribing information, which was at

17  all times adequate and comported with applicable standards of care and law.  Defendants deny

18  the remaining allegations in this paragraph of the Complaint.

19  86.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

21  deny the remaining allegations in this paragraph of the Complaint.

22  87.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24  Defendants state that Bextra® was and is safe and effective when used in accordance with its

25  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law.  Defendants deny

28  that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

88.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

91.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.    Defendants deny the allegations in this paragraph of the Complaint.

95.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

102.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4   paragraph of the Complaint.

5   103.    Defendants admit that they provided FDA-approved prescribing information regarding

6   Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

7   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

8   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

9   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

10  prescribing information.  Defendants deny the remaining allegations in this paragraph of the

11  Complaint.

12  104.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

15  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

16  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  105.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

20  Defendants state that Bextra® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  106.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25  Defendants state that Bextra® was expected to reach consumers without substantial change in

26  the condition from the time of sale.  Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  107.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

112.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

114.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

5   paragraph of the Complaint.

6   122.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8   Defendants state that Bextra® was and is safe and effective when used in accordance with its

9   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10  were and are adequately described in its FDA-approved prescribing information, which was at

11  all times adequate and comported with applicable standards of care and law.  Defendants deny

12  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13  123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14  damage, and deny the remaining allegations in this paragraph of the Complaint.

15  124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

16  damage, and deny the remaining allegations in this paragraph of the Complaint.

17  125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19                   **Response to Sixth Cause of Action: Unjust Enrichment**

20  126.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21  Complaint as if fully set forth herein.

22  127.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

1    paragraph of the Complaint.

2    128.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    129.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    130.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10    Defendants state that Bextra® was and is safe and effective when used in accordance with its

11    FDA-approved prescribing information.    Defendants deny the remaining allegations in this

12    paragraph of the Complaint.

13    131.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

16    and deny the remaining allegations in this paragraph of the Complaint.

17    132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

18    damage, and deny the remaining allegations in this paragraph of the Complaint.

19    **Response to Seventh Cause of Action: Unjust Enrichment**

20    133.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21    Complaint as if fully set forth herein.

22    134.    Defendants state that this paragraph of the Complaint contains legal contentions to

23    which no response is required.    To the extent that a response is deemed required, Defendants

24    admit that they had duties as are imposed by law but deny having breached such duties.

25    Defendants deny the remaining allegations in this paragraph of the Complaint.

26    135.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28    Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

141.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

142.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

143.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

## III.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

## First Defense

1.   The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

2.   Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

1

**Tenth Defense**

2

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

3

proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

4

of God.

5

**Eleventh Defense**

6

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

7

**Twelfth Defense**

8

12.    A manufacturer has no duty to warn patients or the general public of any risk,

9

contraindication, or adverse effect associated with the use of a prescription medical product.

10

Rather, the law requires that all such warnings and appropriate information be given to the

11

prescribing physician and the medical profession, which act as a "learned intermediary" in

12

determining the use of the product.  Bextra® is a prescription medical product, available only

13

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

14

treating and prescribing physicians.

15

**Thirteenth Defense**

16

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

17

time it left the control of the manufacturer or seller.

18

**Fourteenth Defense**

19

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

20

for its intended use and the warnings and instructions accompanying Bextra® at the time of the

21

occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

22

**Fifteenth Defense**

23

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

24

Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

25

standard of care.

26

**Sixteenth Defense**

27

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

28

Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-33-

1    abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or

2    persons acting on its behalf after the product left the control of Defendants.

3    **Seventeenth Defense**

4    17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

5    Defendants.

6    **Eighteenth Defense**

7    18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

8    conditions unrelated to Bextra®.

9    **Nineteenth Defense**

10    19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

11    doctrine of assumption of the risk bars or diminishes any recovery.

12    **Twentieth Defense**

13    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

14    preempted in accordance with the Supremacy Clause of the United States Constitution and by

15    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

16    **Twenty-first Defense**

17    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

18    the subject pharmaceutical product at issue was subject to and received pre-market approval by

19    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

20    **Twenty-second Defense**

21    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

22    Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

23    and Plaintiff's causes of action are preempted.

24    **Twenty-third Defense**

25    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

26    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

27    issue under applicable federal laws, regulations, and rules.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of New Mexico, and the Constitution of the State of California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Amendment of the United States Constitution, the Commerce Clause of the United States

2    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

3    Constitutions of the States of New Mexico and California.  Any law, statute, or other authority

4    purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

5    and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

6    standards to guide and restrain the jury's discretion in determining whether to award punitive

7    damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

8    advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

9    punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

10   conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

11   recovery of punitive damages in an amount that is not both reasonable and proportionate to the

12   amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

13   permits jury consideration of net worth or other financial information relating to Defendants;

14   (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

15   review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

16   appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

17   precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

18   (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

19   *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

20   538 U.S. 408 (2003).

21                              **Thirty-ninth Defense**

22   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

23   and marketing of Bextra®, if any, used in this case, included adequate warnings and

24   instructions with respect to the product's use in the package insert and other literature, and

25   conformed to the generally recognized, reasonably available, and reliable state of the

26   knowledge at the time the product was marketed.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1   ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

2   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4   and with the specific determinations by FDA specifying the language that should be used in the

5   labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

6   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7   United States.

8                                      **Fifty-fourth Defense**

9   54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11                                      **Fifty-fifth Defense**

12  55.    Defendants state on information and belief that the Complaint and each purported cause

13  of action contained therein is barred by the statutes of limitations contained in California Code

14  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15  may apply.

16                                      **Fifty-sixth Defense**

17  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

19  conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

20  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

21                                      **Fifty-seventh Defense**

22  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

23  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25  damages is also barred under California Civil Code § 3294(b).

26                                      **Fifty-eighth Defense**

27  58.    Plaintiff has failed to allege conduct warranting imposition of punitive damages under

28  New Mexico law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-ninth Defense**

59.     The standards in New Mexico governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Sixtieth Defense**

60.     Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under various provisions of the New Mexico Constitution, including but not limited to Art. II §§ 4, 13, 15, 18, and 19.

**Sixty-first Defense**

61.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing from Defendants by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

1    September 19, 2007                          GORDON & REES LLP

2

3                                                By: : _____/s/_____

4                                                   Stuart M. Gordon
                                                   sgordon@gordonrees.com
                                                   Embarcadero Center West
5                                                  275 Battery Street, 20th Floor
                                                   San Francisco, CA 94111
6                                                  Telephone:  (415) 986-5900
                                                   Fax:  (415) 986-8054
7

8    September 19, 2007                          TUCKER ELLIS & WEST LLP
                                                 .
9

10                                               By: : _____/s/_____

11                                                  Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
12                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA  90071-2223
13                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
14
                                                   Attorneys for Defendants
15                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
16                                                 LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-42-

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  September 19, 2007                          GORDON & REES LLP

6

7                                             By: :_____/s/_____

8                                                Stuart M. Gordon
                                                 sgordon@gordonrees.com
9                                                Embarcadero Center West
                                                 275 Battery Street, 20th Floor
10                                               San Francisco, CA  94111
                                                 Telephone:  (415) 986-5900
11                                               Fax:  (415) 986-8054

12  September 19, 2007                          TUCKER ELLIS & WEST LLP

13

14                                             By: :_____/s/_____

15                                                Michael C. Zellers
                                                 michael.zellers@tuckerellis.com
16                                               515 South Flower Street, Suite 4200
                                                 Los Angeles, CA 90071-2223
17                                               Telephone:  (213) 430-3400
                                                 Fax:  (213) 430-3409

18                                               Attorneys for Defendants
                                                 PFIZER INC., PHARMACIA
19                                               CORPORATION, AND G.D. SEARLE
                                                 LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111